STATE OF MINNESOTA v. JANE L. WISWELL.[1]

June 27, 1895.

Nos. 9441—(64).

**Constitution—Special Act—Village—Incorporation.**
> The provisions of Sp. Laws 1885, c. 30, an act amendatory of the charter of the village of Wadena, Sp. Laws 1881, c. 46, whereby additional territory was taken into the village, are not repugnant to the constitutional amendments of 1881 prohibiting the enactment of special laws granting corporative powers or privileges, except to cities, or incorporating towns or villages.    Const. art. 4, § 33, subds. 7, 9, as amended in 1881.

[1] Reported in 63 N. W. 1103.

In proceedings in the district court for Wadena county to enforce the collection of taxes for the year 1892 on real estate in said county remaining delinquent and unpaid, defendant interposed an answer alleging that under Sp. Laws 1885, c. 30, it was pretended that certain lands of which she was owner had been annexed to the village of Wadena; that on account of said pretended annexation the sum of $6.11 was assessed thereon as and for revenue for said village, in addition to state and county taxes amounting in all to $81.39; and praying to have said chapter 30 adjudged unconstitutional and void, and that she be allowed to pay $75.28 in full for said taxes.    The proceeding came on for trial before Holland, J., who ordered judgment as prayed for by defendant, and at the request of the state certified and reported the facts to the supreme court.    Remanded with order to enforce collection of the taxes.

*H. W. Childs*, Attorney General, and *Coppernoll & Willson*, for plaintiff.

*A. G. Broker*, for respondent.

COLLINS, J.    The questions here involved grew out of proceedings to enforce the collection of taxes assessed and levied on a certain tract of land in the county of Wadena, and are certified up by the district court, as provided by statute.

The village of Wadena in said county was incorporated, and its territorial limits fixed, by Sp. Laws 1881, c. 46. By an amendment to chapter 46 (Sp. Laws 1885, c. 30) these limits were extended so as to include the land in controversy, and by answer of the owner, interposed in the tax proceedings, the question is raised that the amendatory act of 1885 was repugnant to then existing constitutional provisions, namely, subdivisions 7 and 9 of section 33 of article 4, these subdivisions being a part of the constitutional amendment of 1881 relating to special legislation.

Subdivision 7 prohibited the passage of any special law granting corporate powers or privileges, except to cities, while subdivision 9 was a prohibition upon the enactment of any special law incorporating towns or villages. Certainly there was no attempt by the amendment of 1885 to the village charter to incorporate either town or village, hence subdivision 9 was not encroached upon, and, following Attorney General v. Railroad Companies, 35 Wis. 425, 558, we held, in the

very recent case of Brady v. Moulton, supra, p. 185, 63 N. W. 489, that subdivision 7 related only to acts of incorporation thereafter to be granted, and that it did not impair the legislative power of alteration or repeal in respect to charters granted prior to the adoption of the constitutional amendment; also, that the language of subdivision 7 was equivalent to the phase, "to grant corporate charters." Quoting the words of Chief Justice Ryan, who prepared the opinion in the Wisconsin case, it was said: "It is not the grant of a franchise which is prohibited, but of corporate franchise,—that is, as we understand it, franchise by act of incorporation." This disposes of the claim that the provisions of the amendatory act of 1885 were repugnant to the fundamental law of the state, and the court below is so advised.

The cause is remanded to that court, with orders to proceed to enforce collection of the taxes in question.